IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JERMAINE RUDY MAYFIELD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0889-O-BP |
| | § | |
| **J.P.S. FT. WORTH HOSPITAL,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 18, 2025, *pro se* Plaintiff Jermaine Rudy Mayfield filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Jermaine Rudy Mayfield is the plaintiff. He names "J.P.S. Ft. Worth Hospital, Health Network, Staff et al;" "Tarrant County Sheriff Dept., Bill Waybourn et al.;" and "Tarrant Hospital District Police Dept., John Hayen et al" as defendants.

C. LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. On August 20, 2025, after reviewing Plaintiff's IFP application, the Court

determined that it was deficient because it contained factual discrepancies about Plaintiff's financial circumstances. ECF No. 5. As a result, the Court ordered Plaintiff to either pay the $405.00 filing and administrative fees or file an amended IFP application clarifying the discrepancies by September 2, 2025. *Id.* The Court provided Plaintiff a copy of the IFP application form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure his filing deficiency or communicate with the Court about his case. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's

proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on September 16, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3